Mylo Lee, impleaded, etc., Plaintiff in Error, *v.* Robert Getty, Defendant in Error.

### ERROR TO HENRY.

An exemplification of any record or any paper of record in the land office, is primary evidence, and may be read whenever the original could be.

An attorney in fact who makes a conveyance, and all persons claiming under him with notice, are estopped to deny the fact of his making the deed.

If the deed by the attorney is of record, it is notice, and those taking from him in his own name are estopped by the first conveyance.

OCT. 7, 1858, the plaintiff in error, and Myron H. Fish and Charles C. Goodale, filed in the Henry Circuit Court, their declaration in ejectment against the defendant for east half of northwest quarter section 9, township 17 north, range 3 east, in Henry county, claiming the same as their estate in fee; alleging themselves to have been in possession Jan. 1st, 1858, and that defendant entered, etc., Jan. 2nd, 1858.

Subjoined to the declaration was a notice in due form. The affidavit of service showed that the defendant was at the time in possession of the premises named in the declaration.

On the same day the defendant was ruled to plead in twenty days.

Defendant filed his plea in due form, and trial was had, resulting in a verdict for defendant.

The plaintiffs paid the costs, and a new trial was granted them under the statute.

A second trial was had, before a jury. Verdict for the defendant; a new trial prayed by the plaintiffs, and denied; judgment for the defendant for his costs.

The plaintiffs filed their bill of exceptions, showing that on the second trial aforesaid the plaintiffs offered

First. Letters Patent of the United States, granting the land in question to John Allen, of Madison county, Alabama, dated May 20th, 1841; which were objected to, but were read in evidence.

Second. An exemplification, by S. A. Smith, commissioner of the general land office, under the seal of said office, of a certain certificate of Samuel Hackelton, register of the land office at Galena, Ill.,—that John Allen, of Madison county, Ala., on the 13th day of August, 1836, purchased at that land office, the land in question, and had made full payment therefor; to which the defendant's counsel objected, because, 1st, it was an exemplification, and not the original certificate; 2nd, that the patent had already issued upon this certificate, and the certificate was evidence only in the absence of the patent; which objection the court sustained, and the plaintiffs excepted.

Third. Plaintiffs' counsel produced a book, proven to be one of the records of deeds, in the office of the clerk of said Circuit Court, and offered to read therefrom the record of a warranty deed and the acknowledgment thereof, from James M. Allen and wife, of Henry county, Ill., to the defendant, for the land in question, dated March 24th, A. D. 1856, and properly acknowledged. It was admitted that the original of this deed was in the defendant's possession, and that due notice had been given his attorneys to produce it. Counsel for the plaintiffs stated that it was proposed to show that the defendant claimed title to the

lands in question, from James M. Allen, the grantor in the above deed, and then to show title thereto, from the said Allen to the plaintiffs, superior to the title of the defendant; and thereupon the record offered was read in evidence without objection.

Fourth.   Plaintiffs' counsel called as a witness *J. F. Dresser*, and proved by him that he knew the land in question, that he had been formerly sheriff of Henry county, and that as such sheriff he had served some papers in this suit upon the defendant; that upon that occasion he had a conversation with the defendant, in which the defendant told him that he had no defense to make and nothing to do with the suit, that he held title under James M. Allen and considered his warranty sufficient,—that he held him for the land.

Fifth.   Plaintiffs' counsel produced a book which was admitted to be one of the books of the record of deeds in the office of the clerk of said court, and offered to read therefrom the record of a power of attorney and the proof thereof, executed by John Allen, of Madison county, Ala., to James M. Allen, of Henry county, Ill., dated April 6th, 1837, and by which said John authorized said James M. " to sell and convey any lands I own in the said State of Illinois."

Said power of attorney was signed by David A. Smith and James Weatherly, as attesting witnesses, and the proof of its execution was as follows:

STATE OF ILLINOIS, } ss.
MACOUPIN COUNTY.     }

Appeared before the undersigned, John A. Chestnut, Clerk of the County Commissioners' Court of said county, David A. Smith, well known to me to be the identical person who subscribed his name as a witness to the above power of attorney, who being duly sworn says that John Allen, who is and was at the date of said power of attorney well known to said affiant as the identical person who subscribed and executed said power of attorney, did execute the same on the day of its date, to wit, the 6th day of April, 1837, to James M. Allen, and that this affiant subscribed his name as a witness thereto in the presence of the said parties, and James Weatherly, the other subscribing witness, and that the said James Weatherly, then, and in the presence of affiant and the parties, subscribed his name as a witness to the execution of the same.

DAVID A. SMITH.

" Sworn to and subscribed before me, at my office in Carlinville, this 14th day of September, 1839.   In testimony whereof on said date, I subscribe my name, and impress my seal of office.

JN. A. CHESTNUT, Clk.,
[SEAL].                                    C. C. C. Mc."

It was admitted that the original of this power of attorney was in the possession of James M. Allen, that he had been served with a subpœna to produce the same, but that upon search it could not be found; but defendant's counsel objected to the reading in evidence of this record, because, 1st, It had not been shown that at the date of this power of attorney, John Allen owned the land in controversy; and because, 2nd, The execution of the power of attorney was not sufficiently proven by the certificate thereto attached.

This objection the court sustained, and the plaintiffs excepted.

Sixth. Plaintiffs' counsel offered to read in evidence a warranty deed from John Allen, of Madison county, Ala., by James M. Allen, his attorney in fact, to Melzer H. Turner and Samuel A. Lee, for the land in question, dated July 1st, A. D. 1840, and signed

"JOHN ALLEN,          [L. s.]
by JAMES M. ALLEN,          [L. s.]
          his lawful attorney."

As also the certificate of the acknowledgment thereof—which was as follows:

"STATE OF ILLINOIS, HENRY COUNTY, *ss.*

"This day came, before me, Wm. H. Hubbard, an acting justice of the peace for said county, John Allen, by James M. Allen, his attorney, whose name appears to the foregoing deed of conveyance, and who is personally known to me to be the person described in and who executed the same, and acknowledged that he had freely and voluntarily signed and sealed the same, for the use and purposes therein expressed. In testimony whereof, I have hereunto set my hand and seal this first day of July, A. D. 1840.

The word *county* inserted before signing.

WILLIAM H. HUBBARD,          [SEAL.]
          *Justice of the Peace.*"

And the certificate of Joshua Harper, recorder of Henry, that the same was recorded in his office, July 7th, 1840.

Defendant's counsel objected to the reading of the aforesaid deed and certificates, because, 1st, The execution of said deed was not sufficiently proven, by the certificate of acknowledgment; 2nd, Because of the interlineations in said deed; 3rd, Because it was not shown that at the date of said deed, John Allen had any title to the lands granted therein, or James M. Allen any authority from said John Allen to convey the same.

Plaintiffs thereupon called as a witness, *Whitfield Sandford*, who testified that he knew James M. Allan, had seen him write frequently, and considered himself well acquainted with his handwriting. Being shown the deed offered in evidence, wit-

ness testified, that the deed was in James M. Allen's handwriting, and the signature at the bottom of it his, and that the interlineations in the body of the deed were all in the same handwriting. On cross-examination, witness testified, that he had known James M. Allen about sixteen years; couldn't say when he first saw him write, but only speaks of his handwriting, since he, witness, has known him; that he was not present when the deed was executed, but meant to speak of it only according to his best judgment.

Plaintiffs' counsel thereupon again offered the deed and certificates attached thereto, in evidence, and therewith offered to produce title from the grantees in the deed, Turner & Lee, to the plaintiffs; and counsel for the defendant again objected to the deed as irrelevant, but waived all other objection to it.

The court sustained the defendant's objection and excluded the deed, and plaintiffs excepted.

Seventh. Plaintiffs' counsel again offered to produce title to the land in question, from the grantees in the deed last offered in evidence to themselves; which, on defendant's objection, was excluded, and plaintiffs excepted.

Verdict for the defendant.

On the return of the verdict, plaintiffs' counsel filed their motion in writing for a new trial, assigning as causes for the motion: 1st, That the verdict was contrary to the evidence; 2nd, That the court erred in excluding evidence offered on the part of the plaintiffs. On the same day this motion was heard and overruled.

The errors assigned are, First, That the court erred in excluding evidence offered on the part of the plaintiffs; Second, The court erred in overruling the plaintiffs' motion for a new trial.

It does not appear by any of the papers filed in the Supreme Court, who were the counsel, on either side of this case.

CATON, C. J. An exemplification of any record or paper of record in the land office, is evidence of equal dignity with the original, and may be read in evidence wherever the original would be admitted, without any preliminary proof whatever. The court erred in excluding the exemplification of the certificate of entry.

We are of opinion that James M. Allen, had he been defendant in this cause, would have been estopped to deny the title set up by the plaintiff derived under the deed which he executed as the attorney in fact of John Allen. By acting as the attorney in fact of John Allen, he asserted that his princi-

pal had title, and that he was authorized to convey such title, and should never be permitted to deny that fact. And so are all persons claiming under him with notice of the act of estoppel, equally bound by that act. He could convey to no one any better title to the land than he had to convey, nor a title discharged of any burthen, duty, or obligation, resting upon it while in his hands, unless the title in the hands of his grantee would be discharged of such burthen, duty, or obligation, by force of our registry law, which would be the case had not the first deed been recorded before the second deed was executed, and the grantee in the second deed had not notice of the first. Here the deed which James M. Allen executed as the attorney in fact of John Allen, was recorded before he executed the deed in his own name, to the defendant. This was notice to the purchaser in the last deed, and thereby the estoppel became as effectual against him as against his grantor.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*