GEORGE L. THATCHER

*v.*

THE PEOPLE *ex rel.* W. T. Johnson, Collector.

*Filed at Ottawa May 14, 1881.*

1. SCHOOL DISTRICT—*of the notice of election.* Notices of a school election, specifying the time and place of the meeting, and stating the object of the meeting to be the establishment of a school in the district, "and providing means to pay for the same," but making no reference to the subject of borrowing money or issuing bonds, are insufficient to authorize the issue of bonds by the directors for money borrowed. Such a notice is fatally defective.

2. TAXES—*when party is estopped to question legality.* A tax-payer who attends an election called in a school district, and in person seconds a motion to raise money by borrowing and issuing bonds of the district, will be estopped from questioning the validity of what was done under the authority of those proceedings, although the notice of such meeting was fatally defective, and he will not be allowed to dispute the legality of a tax levied to pay the interest or principal of such bonds, when issued under the vote of such meeting.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.

Mr. GEORGE L. THATCHER, for the appellant:

1. School directors are a *quasi* corporation, and can exercise only the power and authority expressly given them in chapter 122, Revised Statutes, or to be necessarily implied therefrom. Dillon on Corp. § 10, note; *Stevenson* v. *School Directors,* 87 Ill. 257; *Adams et al.* v. *The State of Illinois, use, etc.* 82 id. 133; *School Trustees* v. *Fogleman,* 76 id. 189; *Glidden* v. *Hopkins,* 47 id. 529; *Harris* v. *School District,* 8 Foster, (N. H.) 58; *Nelson* v. *School District,* 32 N. H. 118.

2. The notice of the meeting, held October 13, 1877, was not sufficient to authorize a legal vote upon the question of issuing bonds by such school district, and all such votes taken at such meeting were void. Secs. 42 and 47, Chap. 122, Rev. Stat. 1874; Dillon on Municipal Corporations, sec. 206; *Sherman* v. *Bugbee,* 16 Vt. 439; *Hunt* v. *School*

*Directors*, 14 id. 300; *Sherman* v. *Bugbee*, 17 id. 337; *Thatcher* v. *People ex rel.* 93 Ill. 244; *Kingsbury* v. *School District*, 12 Metc. 99; *Cornish* v. *Pease*, 18 Me. 184; *Spear* v. *Robinson*, 29 id. 531; *Little* v. *Merrill*, 10 Pick. 146; *Blackburn* v. *Walpole*, 9 id. 97; *Torney* v. *Mellbury*, 21 id. 64; *Hardell* v. *Hancock*, 3 Gray, 526; *Jones* v. *Andover*, 9 Pick. 146; *Rand* v. *Wilder*, 12 Cush. 294; *School District* v. *Atherton*, 12 Metc. 105.

3.  The action of the school directors in issuing bonds based upon the authority of a vote taken at such meeting, is void from want of power. *Bissell* v. *City of Kankakee*, 64 Ill. 249; *Livingston County* v. *Werder*, id. 427; *Town of Big Grove* v. *Wells*, 65 id. 263; *Ryan* v. *Lynch*, 68 id. 160; *People ex rel.* v. *Town of Laenna*, 67 id. 65; *School Directors* v. *Fogleman*, 76 id. 189; *Clark* v. *School Directors*, 78 id. 474; *Williams* v. *Town of Roberts*, 88 id. 11; *Thatcher* v. *The People*, 93 id. 241.

4.  School directors have no power to levy a tax to pay an illegal indebtedness. *School Directors* v. *Fogleman, supra; Clark* v. *School Directors, supra.*

5.  The fact that the bonds recite that they were issued by a vote of the district, according to law, will not save them and render tax for their payment valid, if the facts recited are untrue. *Force* v. *Town of Batavia*, 61 Ill. 100; *Williams* v. *Town of Roberts*, 88 id. 13; *Lippincott* v. *Town of Pana*, 92 id. 34.

Mr. CONSIDER H. WILLETT, and Mr. L. V. FERRIS, for the appellee.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This case is brought here by appeal from a judgment and order of sale of certain real estate by the county court, for the delinquent taxes of 1879. The controversy is confined exclusively to the validity of the district school tax, amounting to $1200, which was included in the judgment.

Appellant appeared before the county court and filed a number of written objections to the application for judgment, all of which were heard, and disallowed.   Among the objections filed was one challenging the validity of the school tax on the ground that it was levied to pay an illegal indebtedness, and the ultimate question presented for our determination is, whether the county court erred in disallowing this objection.

It appears that the tax in question was levied to pay the interest and first installment of the principal of certain bonds issued by the school district in 1877, for the purpose of building a school house, in pursuance of a vote of the district. But it is claimed that the notices of the election under which the bonds were issued did not, as required by the statute, specify the questions upon which the voters of the district were required to vote, and hence the election, and all proceedings under it, are void.

The most satisfactory evidence on this point shows that the notices specified the time and place of the meeting or election, and stated the object of it to be the establishment of a school in the district, "and providing means to pay for the same," but contained nothing with respect to the issuing of bonds.   This, we held, in *Thatcher* v. *The People ex rel.* 93 Ill. 240, was not a compliance with the statute.   By the express terms of the act under which such elections are held, the notices are required to specify "the question or questions to be voted on."   The notices in this case do not make the slightest reference to the subject of borrowing money or issuing bonds, and were, therefore, fatally defective in that respect.

Nevertheless, under the circumstances of this case, we do not think appellant is in a position to question the regularity or validity of the election in question, or the subsequent proceedings of the directors had upon the faith of it, in borrowing the money and issuing the bonds, for the payment of which the tax in controversy was levied.   The evidence shows that he was present and participated in the pro-

ceedings of the meeting or election held in pursuance of these notices, and which authorized the raising of the money for which the bonds in question were issued, and so far from objecting to the action of the meeting in that respect, he, in person, seconded the motion to raise the money in the manner and for the purpose we have stated. The money having been thus obtained, in part, through his own instrumentality, and the district to which he belonged having had the benefit of it, we hold that, under these circumstances, he is estopped from questioning the regularity or validity of what was done under the authority of those proceedings. Cooley on Taxation, 573.

Upon this theory of the case, we are of opinion the judgment of the county court should be affirmed.

*Judgment affirmed.*