THE PEOPLE *ex rel.* George A. James, County Treasurer, Appellant, *vs.* L. N. SEAMAN, Exr., Appellee.

*Opinion filed April 23, 1909.*

1. DRAINAGE—*scope of objections to application for judgment of sale for drainage assessment.* Upon application for judgment of sale for a delinquent drainage assessment, only such objections to the validity of the assessment can be urged as go to the jurisdiction of the court to enter the judgment of confirmation.

2. SAME—*former commissioner is estopped to question jurisdiction to confirm assessment.* A land owner who petitions for the organization of a drainage district, is appointed and acts as one of the commissioners and participates in all the proceedings for the organization of the district, is estopped to afterwards question the jurisdiction of the court to confirm the assessment; and such estoppel extends to his grantee, if the latter had notice of the facts out of which the estoppel grows.

3. SAME—*when the grantee must be held to have notice of facts estopping grantor.* The county judge who presided during the proceedings for the organization of a drainage district and who appointed the commissioners and entered all the orders must, as the subsequent grantee of one of the commissioners, be held to have notice of the facts estopping his grantor to question the jurisdiction of the court to confirm the assessment; and such estoppel extends to the grantee's executor, who is in privity with him.

4. NAMES—*when "H. N. Marks" and "Newell Marks" must be held to refer to the same person.* The names "Newell Marks" and "H. N. Marks" must be held to refer to the same person upon the record of a drainage district showing Newell Marks to be the only person having the name of Marks who owned land in the district, and where, though the original signatures throughout the record are "H. N. Marks," including one to an affidavit purporting to be made by "Newell H. Marks," other parts of the record refer to such person as "Henry N. Marks" or "Newell Marks."

APPEAL from the County Court of Kane county; the Hon. FRANK G. PLAIN, Judge, presiding.

W. J. TYERS, State's Attorney, (FRANK W. JOSLYN, and R. WAITE JOSYLN, of counsel,) for appellant.

BOTSFORD, WAYNE & BOTSFORD, and ERNEST C. LUTHER, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from a judgment of the county court of Kane county sustaining certain objections and refusing judgment for a drainage tax levied by the Rutland and Grafton Drainage District, which was organized in 1885 under the Levee act.

L. N. Seaman, as executor of the estate of Edward C. Lovell, deceased, filed fifty-eight objections to the rendition of judgment against certain lands which belonged to Edward C. Lovell at the time of his death. It will not be necessary, in the view that we take of this case, to consider any of the objections interposed. The county collector made a *prima facie* case entitling him to judgment if for any reason none of the objections ought to be sustained.

In support of his objections appellee introduced a copy of the original petition presented to the county court for the organization of the drainage district, together with various notices, affidavits and orders of the court, constituting the record in the original proceeding for the organization of this drainage district. From the record thus introduced it appears that the particular tracts of land for which objection is now made were owned by Newell Marks at the time the drainage district was organized and that the assessment of benefits against said lands was made in his name. It also appears from the original petition for the organization of the drainage district that H. N. Marks was one of the original petitioners, and that it was upon his petition, together with a large number of other land owners, that the district in question was organized. It also appears from the order of the court granting the prayer of such petition that H. N. Marks was by the court appointed a member of the first board of drainage commissioners of said district and that he served in that capacity until the district was completely organized and the assessment confirmed. It also appears from the affidavits in the record

that the said H. N. Marks performed official services for the district, for which he received compensation of $176.40. The record shows further that H. N. Marks participated actively as a commissioner in all the business of the drainage district during the first few years of its existence. In all the places where Marks signs his name it appears that he signed by his initials "H. N.," but in other portions of the record where he is referred to by other persons he is sometimes described as Henry N. Marks or as Newell Marks.

Appellee contends that the evidence in this record does not warrant the conclusion that Newell Marks, who was the owner, at the time the district was organized, of the lands objected for, is the same person who was appointed commissioner under the name of H. N. Marks. We think the evidence justifies us in finding that Newell Marks and H. N. Marks were one and the same person. We come to this conclusion from a consideration of the original list of land owners in the district against whom assessments were made. The only person by the name of Marks who owned any land in the district was Newell Marks. H. N. Marks signed the petition. Only land owners in the proposed territory were qualified to be petitioners. If H. N. Marks is any other than the Newell Marks who owned land in the district, then we have a person signing the petition, and afterwards being appointed one of the drainage commissioners for the district and serving in that capacity, who owned no land in the district. Again, the record shows that on the 21st day of February, 1885, an affidavit was made, which recited that "Newell H. Marks, being duly sworn, on his oath deposes and says that he is a resident of the township of Rutland, in said county of Kane and State of Illinois, and * * * that he is one of the signers of the said petition, and that said petition contains the signatures of a majority of the owners of land in said proposed district, and that such owners are of lawful age and

they represent one-third in area of the lands to be affected by such work." This affidavit is signed "H. N. Marks." Thus it will be seen that an affidavit purporting to be made by Newell H. Marks is signed H. N. Marks. The writer of the affidavit no doubt got the initials transposed, introducing the "Newell" before "H," but the signature is "H. N. Marks," which is the usual signature employed by Mr. Marks. We think that the evidence warrants the conclusion that Newell Marks, the land owner in this district, is the same Marks who was afterwards one of the promoters of the organization of the district, and still later one of its commissioners under the name of H. N. Marks.

The objections interposed to the rendition of judgment against this land question the jurisdiction of the county court to enter the judgment of confirmation. It is only objections which go to the jurisdiction of the court that can be urged against an application for judgment. (*People* v. *Munroe,* 227 Ill. 604.) It was the duty of the commissioners to see that proper notice was given and that the preliminary steps required by the statute were taken before they called upon the court to enter a judgment of confirmation. Whatever may have been the omission in this regard, we are of the opinion that Marks is now estopped to urge that there was a want of jurisdiction in the court to enter judgment of confirmation; that he, having participated in all of the preliminary steps taken, including assessment of the benefits against his land, could not afterwards raise the objection either that the court or the drainage commissioners were without jurisdiction in the premises.

The principle of law which we think applies to the facts in this case was announced by this court in *Thatcher* v. *People,* 98 Ill. 632. In that case it was held that a taxpayer who attends an election called in a school district and in person seconds a motion to raise money by borrowing and issuing bonds of the district will be estopped from questioning the validity of what was done under the au-

thority of those proceedings although the notice of such meeting was fatally defective; and that such tax-payer will not be allowed to question the legality of a tax levied to pay the interest or principal of bonds when issued under the vote of such meeting. Cooley, in his work on Taxation, on page 1514, lays down the same principle in the following language: "It sometimes happens that a party who complains of illegal taxation has been so connected with the proceedings in voting, laying or collecting the same that it would be unjust and inequitable to others or to the public that any remedy should be given him in respect to the illegality. Such a case would exist if one in respect of some interest of his own should petition for or otherwise actively encourage the levy of the tax or assessment of which subsequently he makes complaint."

The facts here bring H. N. Marks clearly within the above rule. But H. N. Marks is not the objector. Edward C. Lovell died owning these lands, having obtained Marks' title, and the objections are filed on behalf of the estate of Edward C. Lovell. Whether or not the grantee of Marks is bound by an estoppel against his grantor depends upon whether Edward C. Lovell had notice of the facts out of which the estoppel grows. By reference to the record it will be found that Edward C. Lovell was the county judge of Kane county at the time this district was organized and that all of the court orders were entered by him. It was by his order that H. N. Marks was appointed commissioner and by his order that the benefits assessed against the land in question were confirmed. In short, all of the proceedings were had in Judge Lovell's court. It is inconceivable that he could be ignorant of Marks' participation in the affairs of this district. If he bought the land with notice of the facts out of which the estoppel against Marks grows, he and his executor, who is in privity with him, were bound by the estoppel against Marks. *Lee* v. *Getty*, 26 Ill. 76; *Rutz* v. *Kehn*, 143 id. 558.

Appellee is estopped to insist upon the want of jurisdiction in the county court to enter the orders and judgments in relation to this drainage district. The county court therefore erred in sustaining his objections.

The judgment of the county court of Kane county is reversed and the cause remanded to that court, with instructions to overrule the objections and enter judgment for the taxes involved.

*Reversed and remanded, with directions.*