THE PEOPLE *ex rel.* Edwin G. Stifle, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 17, 1913.*

TAXES—*tax to pay judgments against county cannot be scaled.*
The last proviso to section 2 of the amended Revenue law of 1909
(Hurd's Stat. 1911, p. 1972,) contemplates that taxes to pay such
matters as bonded indebtedness or judgments of a court of record
against a county or other taxing body shall not be scaled, and it is
not necessary that *mandamus* proceedings be first resorted to in
order to obtain a mandate from a court of record to compel the
taxing body to levy the tax to pay such judgments.

APPEAL from the County Court of Crawford county;
the Hon. JOHN C. MAXWELL, Judge, presiding.

JOHN G. DRENNAN, and GEORGE N. PARKER, for appellant.

JOSEPH B. CROWLEY, State's Attorney, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal by the Illinois Central Railroad Company from a judgment of the county court of Crawford county overruling appellant's objection to certain taxes and rendering judgment therefor.

The first objection is to $17.96 of the town tax in the town of Robinson. The objection is, that the county clerk did not scale this tax, as required by the Revenue law of 1909. This objection is manifestly based on a misapprehension. The original levy was a rate of fifteen cents per $100 valuation for town purposes. This was scaled and the tax extended at the rate of eleven cents. This objection, as well as that made to the library tax, which rests on the same basis, was properly overruled.

The next objection relates to a certain portion of the county tax. The county of Crawford had incurred indebt-

edness for a site for a jail and for material and labor in the construction of a jail building thereon, and these claims had been reduced to judgments in the circuit court, the aggregate amount of which is $17,678.50. The county board appropriated the amount necessary to pay these judgments and levied a tax for such purpose, which, added to the other county taxes, produced a rate of sixty-six cents on each $100 assessed valuation. In scaling the county tax the county clerk refused to scale that portion levied to pay judgments against the county. Appellant contended that that portion of the county tax levied to pay judgments was subject to be scaled under the Revenue law of 1909. This contention was overruled by the county court and its action is assigned as error. The question presented is whether a tax levied to pay judgments against a county is to be excluded from the scaling process in finding the rate at which the taxes are to be extended.

Section 2 of the Revenue law of 1909 (Hurd's Stat. 1911, p. 1972,) contains the following proviso: *"Provided, that no reduction of any tax levy made hereunder shall diminish any amount appropriated by corporate or taxing authorities for the payment of the principal or interest on bonded debt, or levied pursuant to the mandate or judgment of any court of record. And to that end every such taxing body shall certify to the county clerk with its tax levy, the amount thereof required for any such purposes."* Under this proviso a tax levied to pay principal or interest on bonded debt is excluded from the scaling process, also taxes levied pursuant to the mandate of any court of record and taxes levied pursuant to the judgment of any court of record. The words "levied pursuant to the mandate or judgment of any court of record" seem to contemplate that a tax levied in obedience to a mandate of a court of record cannot be scaled, neither can a tax levied for the purpose of paying a judgment. The word "judgment" here is used in the proviso in connection with bonded debt. A tax levied

to pay a bonded·debt, which is a fixed interest-bearing obligation of the municipality, cannot be scaled. A judgment is a fixed interest-bearing obligation of the municipality, and it seems to be a fair construction of the language used to hold that it was the intention of the legislature to enable municipalities to levy a definite amount for the purpose of paying fixed and determined obligations and to exclude such levy from the scaling process, otherwise there would be a deficit in the revenue to meet the fixed obligations of the municipality. If appellant's construction is given to this proviso, it would be necessary, in all cases where judgments were rendered against a county or other municipality, to commence a *mandamus* proceeding and obtain a mandate directing the taxing authorities to levy a tax to pay the judgments. No execution or other process against a municipality could issue upon ordinary judgments. If it had been intended by the legislature that only taxes levied pursuant to a mandate of some court of record were to be executed, then the word "judgment" in this proviso has no meaning,—and this, in effect, is the contention of appellant. In our opinion the intention of the legislature was to authorize taxing bodies to levy a tax to pay such matters as bonded indebtedness and judgments when they can do so within the limits prescribed. No useful purpose would be accomplished by holding that it was necessary to commence a *mandamus* proceeding and secure a mandate to compel the taxing bodies to do something they were willing to do without such mandate. The objection to the county tax was properly overruled.

The judgment of the county court of Crawford county is affirmed.

                                    *Judgment affirmed.*