THE PEOPLE ex rel. Henry Stuckart, County Collector, Appellee, vs. THE CHICAGO, LAKE SHORE AND EASTERN RAILWAY COMPANY, Appellant.—Same Appellee vs. THE KENSINGTON AND EASTERN RAILROAD COMPANY, Appellant.—Same Appellee vs. THE NORTHWESTERN ELEVATED RAILROAD COMPANY, Appellant.

*Opinion filed December 10, 1915.*

1. TAXES—*amount needed to pay judgments must be included in the $1.20 rate for corporate purposes.* Section 1 of article 8 of the Cities and Villages act fixes the limitation of $1.20 on each $100 of taxable property for all taxes levied by a city in any one year, exclusive of the amount levied for bonded indebtedness and interest thereon; and this does not authorize the exclusion of the amount necessary to pay judgments not rendered for bonded indebtedness or interest thereon, notwithstanding the provision of the Revenue act for scaling taxes.

2. SAME—*amounts required for other purposes must be reduced, if necessary, to pay judgments.* If the amount required by a city in any one year, including the amount needed to pay judgments not for bonded indebtedness or interest thereon, exceeds what will be produced by the rate of $1.20 on each $100 of taxable property, exclusive of bonded indebtedness and interest, the provision of the Revenue act that no reduction of any tax levy shall diminish the amount levied pursuant to any mandate or judgment of the court, requires that the amounts required for other purposes shall be reduced accordingly.

3. SAME—*the tax for mothers' pension fund is not exclusive of limitation for county taxes.* The tax for mothers' pension fund is a tax for ordinary county purposes, which, though it is not subject to the scaling process, must be considered when taxes for other county purposes are being scaled to make the rate of forty cents, and it is improper to add the rate per cent for the mothers' pension fund to the rate of forty cents.

4. SAME—*county clerk may add rate to pay bonds and interest to the rate of forty cents.* After the taxes for county purposes have been reduced to the rate of forty cents a rate to pay bonds and interest may be added, since a county may levy a tax to pay bonded indebtedness in addition to other county taxes, when it can do so within the constitutional and statutory limitation.

5. SAME—*when addition by clerk of an amount to cover loss and cost of collection is authorized.* The county clerk, in extend-

ing a tax for the payment of bonds, may add a reasonable sum for loss and cost of collection of that tax, even though the county board has appropriated a reasonable sum for loss and cost of collection of general taxes.

6. SAME—*right of the clerk to raise fractions to whole numbers.* Under section 128 of the Revenue act, authorizing the clerk to extend a fraction of a cent as a whole cent, the clerk may raise fractions or decimals to whole numbers in the aggregate tax of each taxing body, but he is not authorized to raise fractions to whole numbers as to each separate item in the levy of a taxing body.

7. SAME—*statute requires record to be kept of essential steps in levying taxes.* The statute requires that a record be kept of the essential steps in levying a tax, and they cannot be left to the uncertain memories of clerks or officers.

8. SAME—*what does not invalidate park tax.* Where a park lies in two towns, the fact that the park tax is not uniform in the two towns does not invalidate the tax in its entirety, nor to any extent if the tax is equitably distributed so as to maintain a fair balance between the two towns.

9. SAME—*penalties should not be added to taxes the treasurer refuses to accept.* If a tax-payer objects to certain taxes as being illegal but concedes that other taxes are valid and offers to pay the same but the treasurer refuses to accept the money, it is error to charge the penalty of one per cent after the first day of May on the taxes which the tax-payer endeavored to pay.

APPEAL from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

BRUNDAGE, LANDON & HOLT, KNAPP & CAMPBELL, ROYAL B. CUSHING, and JOHN N. WHEATLEY, (ROBERT N. HOLT, of counsel,) for appellants.

MACLAY HOYNE, State's Attorney, and FRANCIS O'SHAUGHNESSY, (HENRY A. BERGER, P. J. MURPHY, I. N. WALKER, and H. N. BELL, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Upon the application of the county collector of Cook county for judgment against lands and lots for delinquent taxes, the Chicago, Lake Shore and Eastern Railway Com-

pany, the Kensington and Eastern Railroad Company and
the Northwestern Elevated Railroad Company filed objec-
tions to various taxes levied upon their property.  Some ob-
jections were sustained and others overruled and judgments
were entered accordingly, from which the objectors ap-
pealed.  It was represented to this court that the questions
of law involved were identical, and the cases were by order
of the court consolidated.

The county clerk, in reducing the levies under the act
concerning the levy and extension of taxes, in force July 1,
1901, as amended in 1905, 1909 and 1913, took the city of
West Hammond as the highest taxing district in the county
to be used as a basis for scaling the taxes.  Counsel agree
that the question whether the clerk was right or whether
the town of North Chicago should have been fixed upon as
having the highest aggregate rate depends on whether judg-
ments to the amount of $3907 against the city of West
Hammond, not rendered for a bonded indebtedness or in-
terest thereon, were to be included in the maximum rate of
$1.20 on each $100 of taxable property allowed to munici-
palities.  Section 1 of article 8 of the Cities and Villages
act fixes that limitation for all taxes levied for any one
year, exclusive of the amount levied for the payment of
bonded indebtedness or interest thereon.  All taxes, no mat-
ter what their nature, purpose or form, except for the pay-
ment of bonded indebtedness and interest thereon, are ex-
pressly brought within that limitation, and the limitation
cannot be avoided by permitting obligations to take the form
of judgments, which would open an easy way to evasion of
the limitation.  (*Chicago and Alton Railroad Co.* v. *People,*
177 Ill. 91.)  The argument in support of the action of
the clerk is that the act for scaling taxes has repealed the
limitation.  That act provides that the rate per cent of the
tax levy for city or village purposes, exclusive of certain
taxes but not excluding taxes levied to pay judgments not
for bonded indebtedness or interest, in cities of the popula-

tion of West Hammond, shall not be reduced below a rate of $1.20 on each $100 of assessed value. But there is no conflict between the two acts relating to the judgments in question. The General Assembly has established certain limitations in the reduction of taxes, and in municipalities having power to levy a tax up to $1.20 on each $100 of taxable property the act provides that the county clerk, excluding certain taxes, shall not make a reduction below that rate. As to counties, the constitution and statute fix a limit of seventy-five cents on each $100 of taxable property for all purposes unless a higher-rate is authorized by vote of the people. The General Assembly has not manifested any different intention, but has provided that after excluding certain taxes the rate shall not go below forty cents, which does not conflict in any way with the limitation of a maximum rate for all purposes. The court erred in taking the city of West Hammond as the highest taxing district in the county and should have taken the town of North Chicago.

The same question is involved in other features of the cases, which may best be disposed of here.

The court overruled objections to portions of the tax of the city of West Hammond, the village of Burnham and the city of Chicago Heights that the clerk erroneously failed to include judgments against those municipalities, not for bonded indebtedness or interest thereon, within the maximum rate of $1.20 on each $100 of taxable property, and this was error for the reason we have given. The act in question provides that no reduction of any tax levy shall diminish the amount levied pursuant to the mandate or judgment of any court of record, and to that end every taxing body shall certify to the county clerk the amount required for any such purpose, but when the limit of tax for every purpose except the payment of bonded indebtedness and interest has been reached, it cannot be exceeded to pay judgments not rendered for bonded indebtedness or interest thereon. As was said in the case of *People* v. *Lake*

*Erie and Western Railroad Co.* 167 Ill. 283, if a municipality needs a sum to pay some obligation, the only way to get it would be to decrease the amount asked for other purposes, so as to bring the aggregate within the legal limit.

The county clerk, after scaling the county taxes below forty cents on each $100 taxable property, restored it to forty cents before adding the rate per cent for mothers' pension fund. The act provides that in reducing the tax levies the rate per cent for county purposes in counties having the population of Cook county shall not be reduced below the rate of forty cents. The tax for mothers' pension fund is a tax for an ordinary county purpose in exactly the same class as assistance of needy persons and is to be administered by county officers, and is within the terms of the act as a county purpose. That tax is not exclusive of the limitation of county taxes although it is not to be reduced in the scaling process. (*People* v. *Cairo, Vincennes and Chicago Railway Co.* 266 Ill. 557.) The tax being for an ordinary county purpose should have been included by the clerk in raising the rate to forty cents.

The county clerk, after restoring the county rate to forty cents, added a rate to pay bonds and interest, and it is contended that this was wrong, because the words "county purposes" include taxes to pay bonds, which is within the forty cent limit. In the case of *People* v. *Illinois Central Railroad Co.* 260 Ill. 603, where the total tax was within the seventy-five cent limitation, the court construed the proviso to section 2 of the act as authorizing taxing bodies to levy a tax to pay bonded indebtedness and judgments, in addition to other county taxes, when they can do so within the constitutional and statutory limitation. Taxes to pay bonds and judgments were placed in the same class, and the action of the clerk being right, the court did not err in adding the tax for the payment of bonds in addition to the rate of forty cents.

270 — 31

The county board appropriated $325,000 for loss and cost of collection of the taxes levied for general county purposes, and the clerk, in extending a tax for the payment of bonds, added a sum for loss and cost of collection of that tax. A taxing body has authority to add a reasonable sum for loss and cost of collection so that the tax will produce the net amount of money required, (*Village of Hyde Park* v. *Ingalls,* 87 Ill. 11,) and the county clerk has like authority to add a reasonable amount for that purpose. (*Chicago and Alton Railroad Co.* v. *Baldridge,* 177 Ill. 229; *Baltimore and Ohio Southwestern Railroad Co.* v. *People,* 200 id. 541.) Both cannot add a sum for the same purpose. It appears that the additions in this case were for different purposes. The action of the clerk was authorized by law.

There was an objection to the raising, by the clerk, of fractions or decimals to whole numbers. Section 128 of the Revenue act authorizes the clerk to extend a fraction of a cent as a whole cent, and the clerk in this case raised fractions to whole numbers as to each separate item contained in the levy of a taxing body. The court sustained an objection to that method, but held it proper to raise fractions or decimals to whole numbers in the aggregate tax of each taxing body. Raising fractions to whole numbers results in an increase of taxes, but the court adopted the only practical method, and it was authorized by the decision in *St. Louis, Alton and Terre Haute Railroad Co.* v. *People,* 224 Ill. 155. An increase of separate items would produce unjust and absurd results, as in the case of a small item it would produce many times the total amount required, but it would be impossible to apportion the slight increase of the aggregate taxes among the different taxing bodies. It is said in argument that decimal rates were raised to whole numbers in the separate taxes of the South Park board and the Lincoln Park board, and if that is so it was not justified.

Objections to the road and bridge tax in the towns of New Trier and Thornton were overruled. The record in each town did not show that there was any meeting of the commissioners of highways at which the rate to be levied for road and bridge purposes, including road and ditch damages, was determined. There is high authority for a rule of law that such a thing as a parol levy of taxes is not legally possible under the laws, but every essential proceeding in the course of a levy of taxes must appear in some written and permanent form in the records of the bodies authorized to act upon them. (Cooley on Taxation, 247; *Moser* v. *White,* 29 Mich. 59.) Our statute does not authorize a levy to be determined by the uncertain memories of commissioners or clerks but requires that a record of the essential steps shall be made. *People* v. *Toledo, St. Louis and Western Railroad Co.* (*ante,* p. 472.)

Objection was interposed to the Lincoln Park tax on the ground that it was not uniform in the two townships in which the park is situated. The park lies in the two towns of North Chicago and Lake View. The property valuation in North Chicago is somewhat less than the valuation in Lake View and the tax rate higher in North Chicago than Lake View. It is the duty of the park commissioners to make and certify to the supervisors of the two towns an estimate of the amount of money required by them, and the supervisors are to examine the returns of the assessors, ascertain the amount of taxable property in each town and fix the amount of tax necessary, making the same so that there shall be uniformity with respect to persons and property. The park originally was mainly in the town of North Chicago, and the supervisors attempted to equalize the burden of taxation in view of past contributions of the two towns when the smaller portion was in Lake View. If there was an illegal disproportion in the rates between the two towns that fact would not invalidate the entire tax and a tax-payer in North Chicago would only be entitled to an

abatement of the excess in that town, but we are of the opinion that inasmuch as the tax was equitably distributed, so as to maintain a fair balance between the two towns, the court was justified in overruling the objection.

The last objection is that the court imposed penalties for the non-payment of the whole amount of taxes, part of which was tendered to the treasurer, who refused to receive the same. The statutory provision for the addition of one per cent per month after the first day of May in cases where the taxes are not paid is a penalty for non-payment when due. (*People* v. *Peacock*, 98 Ill. 172.) The objectors conceded certain amounts to be due and offered payment of the same to the treasurer, withholding only enough to cover the amount claimed to be illegal, but the treasurer refused, and at the hearing still refused, to receive anything less than the whole amount of the taxes. Counsel for the collector say that he was not required to receive anything less than the whole, but on what ground we are unable to understand, since the receipt of a part would not have been an admission that no more was due. The penalty is for taxes due and unpaid, and the tax-payer having a right to object to part of the taxes as illegal could have no remedy before the first day of May but must wait until the collector applies for judgment, when he may file his objections and have his day in court. Judgment can only be rendered for the amount shown to be legally due, and if an objection to a part of a tax is overruled, the penalty is properly added to that part which is found to be due and unpaid. It was error to add penalties to the sums of money which were offered to the treasurer and which he refused to receive.

The judgments are reversed and the causes are remanded, with directions to enter judgments in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*