(No. 12432.—Judgment affirmed.)

THE PEOPLE ex rel. Henry Stuckart, County Collector, Appellant, vs. JOHN L. SHORTALL et al. Appellees.

*Opinion filed February 20, 1919.*

1. TAXES—*purpose of statute requiring causes of objection to be specified.* The purpose of section 191 of the Revenue law, providing that an objection to general taxes must be in writing, specifying the particular causes of objection, is that the public authorities may understand and prepare for the hearing, and although an objection is not stated in as clear terms as it might have been, it is sufficient if it substantially fulfills the purpose of the statute.

2. SAME—*when court may vacate judgment and permit further hearing of objections.* The trial court, in the exercise of sound judicial discretion, may vacate a judgment entered during the same term on an application for judgment for taxes and permit a further hearing of objections to the tax.

3. SAME—*court may, in its discretion, permit additional proof after evidence is closed.* On an application for judgment for taxes the court may, in its discretion, permit additional testimony to be taken on behalf of the objectors after the evidence is closed.

4. SAME—*notice must be given of change in assessment after the quadrennial assessment has been made.* Notice to the property owner must be given preceding any change in assessment or re-assessment of the real estate after the quadrennial assessment has been made.

5. SAME—*burden is on the objectors to show that no notice was given of change in assessment.* Where the objection on an application for judgment for taxes is that no notice was given the property owners of any change in the assessment after the quadrennial assessment had been made, the burden is on the objectors to show that no such notice was given.

6. SAME—*when State cannot object that person filing objections is not the owner.* While the objections to taxes on the county collector's application for judgment must be filed in the name of the property owner and not in the name of the agent or attorney, counsel for the State, when the public authorities have advertised property for sale as owned by a certain person, cannot, on the hearing of objections filed in the name of that person, object that such person is not the owner.

APPEAL from the County Court of Cook county; the Hon. S. N. HOOVER, Judge, presiding.

MACLAY HOYNE, State's Attorney, (CHARLES CENTER CASE, JR., of counsel,) for appellant.

GEORGE P. FOSTER, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county sustaining appellees' objections to a part of the taxes assessed against their property and denying the application of the county collector for judgment.

There were nine pieces of real estate involved in the original objections filed by appellees but the appeal is only from the judgment as to seven of them. The principal objection as to these several properties is, in substance, that they were assessed in 1915 for the quadrennial period by the assessors at certain valuations, and that thereafter the assessing authorities, without notice to the owners and persons interested, materially increased the assessments, all but one of the pieces of property being assessed from three to six times what they were assessed in 1915, the other being about one and a half times the 1915 assessment.

The principal point urged by counsel for appellant is that the written objections filed by appellees did not set out clearly the particular causes of the objections. Section 191 of the Revenue law provides that an objection to general taxes must be in writing, specifying the particular causes of the objection. Manifestly, this provision of the statute so provides in order that the public authorities can understand and prepare for the hearing as to the particular objection. While the objection here in question is not stated in as clear terms as it might have been, we think it was so worded that the representatives of the public and others interested would readily understand that the property owners were objecting because the quadrennial assessment levied in 1915 had been unlawfully raised on these several pieces of property without due notice to the sev-

eral owners. The county court, under the reasoning of this court in *People* v. *Huey*, 277 Ill. 561, was justified in hearing evidence as to whether or not this objection should be sustained or overruled.

It is further argued by counsel for the appellant that the county court erred in sustaining the objections because it had theretofore overruled them and entered judgment against the several pieces of property. It appears that numerous objections were filed in the county court by many property owners as to the taxes for the year 1917; that many of these objections involved the same questions, and that in order to expedite matters for all interested a lengthy stipulation was entered into by the counsel for the State and counsel for many of the property owners, to the effect that certain test cases should be taken to the Supreme Court and that the other cases in which objections were filed, involving the same questions, should abide the decision of the test cases. The evidence also tends to show that two different attorneys filed objections for the owners of the several properties involved in this appeal, one set being represented by attorney George P. Foster, who appears in this court on this appeal, and the other set by attorney Daniel S. Wentworth; that Wentworth signed the stipulation heretofore referred to as to the test cases but Foster did not do so; that on August 1, 1918, under the provisions of this stipulation, the objections were overruled and judgment entered as to all the properties included therein. On August 2, 1918, the day following the entering of this judgment, the objections filed by attorney Foster came on for hearing, and it was then insisted by counsel for the State that judgment had already been entered under that stipulation against most of these pieces of property. Attorney Foster, who appeared for appellees at this hearing, insisted that he was not a party to the stipulation and that judgment was improperly entered against these properties. After a discussion the trial judge agreed with the attorney for ap-

pellees and vacated the judgment entered the day before against these properties, and took up the hearing on the several special objections as to these properties on the point that the assessment had been wrongfully raised without notice to the property owners after the quadrennial assessment had been levied in 1915. On this record we think the trial judge rightly vacated the judgment as to these properties entered on August 1 and permitted the hearing as to the objections in question on August 2. In any event, both of these days were included in the same term of the county court, and the trial judge, who had all the facts before him and understood the situation better than we can on this record, had full authority, within sound judicial discretion, to vacate any former judgment entered during that term and permit a further hearing of objections as to any property. We think his discretion was properly exercised on this question as to these properties.

It is also argued by counsel for the appellant that the trial judge erred in permitting additional testimony to be taken on behalf of objectors after it was understood the case was closed. The question of the introduction of additional proof after the evidence is closed is within the sound discretion of the court. (*People* v. *Wiemers,* 225 Ill. 17.) The trial court did not abuse its discretion in this regard.

Counsel for appellant also strenuously argue that the evidence did not justify the finding of the court that the property owners did not receive due notice, as required by law, as to the change of the quadrennial assessment of 1915. It seems to be conceded, and there can be no question under the statute as construed by this court, that the law requires that notice to the property owner must be given preceding any change in assessment or re-assessment of real estate after the quadrennial assessment has been made. (*People* v. *St. Louis Bridge Co.* 268 Ill. 477; *People* v. *St. Louis Bridge Co.* 281 id. 462; *People* v. *Casey,* 286 id. 89.) Counsel for objectors insisted on the trial

in the county court that the burden of showing that notice had been given as to the change in the assessment rested upon the appellant. The county court rightly held against them on this point and held that the burden rested upon the objectors to show that no such notice had been given. To prove this, the owners of some of this property testified that they had received no notice of such change before it was made, or thereafter, until the taxes were due, and as to the other pieces of property the attorneys for the property owners testified substantially to the same effect. In addition to this testimony of the owners and the attorneys, a clerk in the office of the board of assessors was called as a witness, bringing the books of the assessor's office under his charge on which would be indicated, if a change was made in the assessment after the quadrennial year, that a notice had been sent to the owner previous to the change. While his answers were not all of them entirely consistent, we think it is obvious from reading his entire testimony that he testified, and intended to testify, that the books did not show that any notice had been sent to the owners of either of these seven pieces of property before the change in the assessment. He did, however, testify that,—some time, he thought, prior to the making of the change in the assessment,—a young man came to the window of the assessor's office at which witness was in charge to inquire about some, if not all, of these pieces of property, and he testified that he told this young man, whose name he did not know, that it was intended to raise the assessment. No attempt was made to point out or definitely state who this young man was, and the attorneys of these property owners denied that anyone had ever gone to the assessor's office representing them as to these pieces of property. This testimony as to the young man being notified is obviously too indefinite to be considered proof of due notice of the change in the assessment, as required by the statute, before such change was made after the

quadrennial assessment. It is entirely different from the illustration urged by counsel for appellant, that if a person, without summons, had appeared in court to defend a case it must be held that he waived the necessity of serving summons upon him. If there had been positive proof that a representative of any piece of this property had appeared before the assessing authorities at the time they considered changing this assessment and taken part in a hearing, without raising an objection as to lack of notice, there might be some ground for arguing that the owner of such piece had waived the statutory right to notice. But such is not the case here. On this record the county court was justified in sustaining the objection and refusing judgment as to the taxes in question because the assessment was raised without the notice to the property owners required by law.

It is further objected that the record shows that some of the objections as to certain of this property were filed by the agent or attorney of the owner and not by the owner himself. This court has held in *People* v. *White & Co.* 286 Ill. 259, that the objection must be filed in the name of the owner and not in the name of the agent or attorney. It is true that as to certain pieces of property here objected to, the record shows that the objections were filed in the name of the agent or attorney and not in the name of the owner, but it also appears that this property was advertised in the delinquent list as being owned by one who was only the agent or attorney. On that showing of the record the objection was properly filed by the attorney as the owner, even though he was not the owner. Counsel for the State, when the public authorities have advertised property for sale as owned by a certain person, cannot, on the hearing of objections filed in the name of that person, object that such person is not the owner.

Counsel for appellant further rely on the presumption that public officers have done their duty and have not acted illegally. The proof in this record overcomes that pre-

sumption and shows that the taxes objected to were improperly assessed.

We find no material error in the record. The judgment of the county court will therefore be affirmed.

*Judgment affirmed.*