THE PEOPLE *ex rel.* Patrick Carr, County Collector, Appellee, *vs.* FRANK J. MITCHELL, Appellant.

*Opinion filed December 21, 1927.*

TAXES—*when court has no jurisdiction to enter order of sale.* Where an appeal from an order overruling an objection to taxes in the collector's proceeding is dismissed because the record shows no final judgment and order of sale, the filing in the trial court of a copy of the order dismissing the appeal does not give the trial court jurisdiction to enter an order of sale in the following year where there was a general judgment and order of sale in the cause the year before, as the court in such case, after the expiration of the term, has no power to make any further order in the cause, and the order of sale will be reversed on appeal.

APPEAL from the County Court of Cook county; the Hon. JOHN D. BIGGS, Judge, presiding.

MONAHAN & MONAHAN, for appellant.

Mr. JUSTICE DUNN delivered the opinion of the court:

At the June term, 1926, of the county court of Cook county Frank J. Mitchell filed objections to the application of the collector for judgment and order of sale against cer-

tain real estate for taxes, and appealed from an order that his objection be overruled. At the April term, 1927, of this court his appeal was dismissed because the transcript of the record filed in the cause showed no record of any final judgment. (*People* v. *Mitchell*, 325 Ill. 472.) A copy of the order dismissing the appeal was filed in the county court on May 7, 1927, and on June 29, 1927, an order of sale was entered, from which Mitchell has appealed.

The transcript filed on this appeal shows nothing in the cause prior to July 3, 1926, and shows on that day a general judgment against tracts, lots or lands, ordering sale of the premises described in the delinquent list. Neither the delinquent list nor the objections appear in the transcript. There is a bill of exceptions consisting of a colloquy between the court and counsel, by whom the opinion was expressed that a judgment had been entered by the county court before the appeal, but the transcript of the record taken to the Supreme Court did not show it. The colloquy continued as follows:

Mr. Monahan (counsel for objector) : "There is nothing this court can do. It has no jurisdiction to enter any order at all.

The court: "You enter the mandate.

Mr. Bell: "This is our motion to docket it—

Mr. Monahan: "Dismissing it.

Mr. Bell: "In this court, and I would ask for order of sale in this case, your honor, this year.

Mr. Monahan: "You can't do it; no judgment.

Mr. Bell: "Oh yes, there is. We had judgment last year. We ask now for an order of sale. That is all we are entitled to ask for.

Mr. Monahan: "There is nothing in any of the orders of this court retaining jurisdiction over anything in this case. The court has no jurisdiction to enter any order except file the mandate of the Supreme Court.

Mr. Bell: "The appeal suspended the final judgment of the court last year.

The court: "I think so.

Mr. Bell: "We ask for order of sale. We are not entitled to another judgment. We have a judgment. We ask for order of sale on the general judgment last year.

The court: "That will be the order. Order of sale.

Mr. Monahan: "The objector objects to the order— takes exception to the order—the action of the court in entering such an order at this time. I would like exception noted.

The court: "The fact you didn't get proper judgment before the upper court wouldn't suspend the judgment that was entered. There was a general judgment entered in this court. You didn't get the proper record before the Supreme Court.

Mr. Monahan: "The Supreme Court said no judgment entered.

The court: "The one you took up.

Mr. Monahan: "I had the complete record made by the clerk of this court; the complete record, and found to be complete by the other side. They took no exception and made no point."

More conversation occurred, no evidence was introduced, and the objector appealed from the order of sale. The clerk of the county court certified that the transcript was a true, correct and complete copy of general judgment, order mandate of Supreme Court, order allowing appeal, appeal bond, stipulation and bill of exceptions in the cause. This is the whole record which we have before us. Counsel for appellant say in their brief that the appellant has filed his motion suggesting a diminution of the record and for leave to file the record filed in case No. 18005 (the previous appeal) and the abstract of that record filed in this court, and if this motion is granted a complete record will be before this court. No such motion has been pre-

sented and we have before us only the record which has been recited. The appellee has entered no appearance and filed no brief. The transcript of the record on the former appeal showed no judgment, but, as the opinion of the court shows, contained a bill of exceptions setting out the evidence. In the present appeal there is no evidence. The appeal is from the order of sale at the June term, 1927, and does not bring up the judgment rendered at the June term, a year before. It now appears from the transcript that there was a judgment and order of sale on July 3, 1926, though the transcript of the record on the former appeal failed to show it. Since there was such a final judgment and order of sale at the June term, 1926, the county court had no power, after the expiration of that term, to make any further order in the cause. The dismissal of the appeal conferred no power on the court and did not extend its power over the cause or judgment beyond the lapse of the term in which the judgment was entered.

Counsel for the People stated, when they asked for an order of sale, that they were not entitled to another judgment because they had a judgment, but they asked for an order of sale on the general judgment last year. The general judgment, as shown by the transcript of the record, included an order of sale, and they were no more entitled to another order of sale than they were to another judgment. We cannot on this record review the judgment and order of sale at the June term, 1926, but the court was without power to enter the order which was entered on June 29, 1927, and its order is therefore reversed.

*Order reversed.*