(No. 19641.

THE PEOPLE *ex rel.* George F. Harding, County Collector, Appellee, *vs.* CLAUDE W. MORRIS *et al.* Appellants.

*Opinion filed February 21, 1930.*

AUSTIN L. WYMAN, for appellants.

JOHN A. SWANSON, State's Attorney, LOUIS H. GEIMAN, JAMES F. CLANCY, and E. CLARK DAVIS, (HAYDEN N. BELL, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

In this case an opinion was filed and a judgment rendered at the October term, 1929, reversing the judgment of the county court of Cook county. A petition for a re-

hearing was filed in accordance with the rules of the court, and by agreement of the parties at the December term a rehearing was granted. On motion of the appellants suggesting a diminution of the record, leave was given to supply the omitted part and the cause was again submitted.

The case was an application by the county collector for judgment for the taxes of 1927 against certain real estate at No. 25 East Delaware place, in Chicago, to which objections were filed by Claude W. Morris and the 25 East Delaware Building Corporation. On August 3, 1928, a general order of sale was entered against the property against which judgment was asked, excepting "against lands and lots as to which this court has not entered judgment and order of sale for any reason, as shown in the judgments and orders of this court herein and as indicated by appropriate entries in the tax, judgment, sale, redemption and forfeiture record herein." That judgment was not entered against the property involved in this case was indicated by the entry on page 99 of volume 112 of the tax, judgment, sale, redemption and forfeiture record of the notation opposite the description of the property involved, "Obj. 2502," this objection being a designation of the case in the county court. On October 4, 1928, an order was entered *nunc pro tunc* as of August 3, 1928, finding no assessment on the property and refusing judgment. A motion of the county treasurer to vacate this order was made, and on October 8 an order was entered vacating the order refusing judgment. An amendment to objections filed November 17, 1928, added an additional objection, and on January 23, 1929, an order was entered sustaining objections in part and refusing judgment for all over $150,000, full assessed value, on improvements. An appeal was prayed by the objectors, which was allowed and has been perfected.

The original objection of the appellants was, as set forth in the abstract, "on the ground of fraud, mistake, excessive and illegal valuations, and upon specific objection alleging

universal custom not to assess at any value buildings under construction which were not under roof on April 1 of the taxable year." The amendment to objections filed November 17, 1928, set out in the abstract as an additional objection "that assessment for $400,000 as the value of improvements on the premises was an original assessment by the board of review of Cook county, Illinois, without notice to the objectors or any other proper person, as required by law."

We may take notice that thousands of objections are filed to the collector's application for judgment against lands and lots for taxes in the county court of Cook county each year, and that under the practice in that court a general judgment is entered, after the time for filing objections has expired, against all lands and lots for which no objections have been filed, reserving the question of the determination of objections which have been filed until a later date, and that in such cases in which objections have been reserved the court renders separate judgments as the cases are heard and disposed of in the orderly course of its business. Each case of objections to taxes is a separate case and the judgment against each tract is a separate judgment. When the general judgment is rendered it is final as to all property included in the judgment, and after the expiration of the term the court has no jurisdiction to permit an amendment of the proceedings. All cases in which objections have been filed and judgment has not been rendered continue to be pending on the docket for hearing. They are not affected by the order for a general judgment against property for which objections have not been filed.

The rule in regard to amendments is the same as in any other pending case, and the court may, in its discretion, allow amendments in the same way. The court may hear the cause and render judgment as in other pending cases, but the judgment cannot properly be rendered *nunc pro tunc* as of the date of the previous general judg-

ment in cases in which objections were not filed, or as of any other date than that of its actual rendition.

The year 1927 was the year of the quadrennial assessment. On April 1, 1927, a nineteen-story apartment building was in process of erection on the real estate in question and the concrete frame and concrete roof base had been poured by April 1. The building was completed by November 22, 1927, and the first tenant occupied it about October 1. Evidence was introduced to show that on April 1, 1927, several hundred thousand dollars had been expended in its construction. The testimony of the value of the improvement at that time varied from $50,000 to $390,000, though there was some evidence tending to show that the building in its unfinished state was a damage to the market value of the property rather than an improvement. Evidence was also introduced to show that it is the general custom of the board of assessors and board of review in the city of Chicago if a building is not under roof by April 1 to assess it as vacant property, or that the general rule applied by the board of assessors was that buildings not completed on April 1 should go over to the next taxable year. It was stated in one way by some witnesses and in another way by others and in both ways by some. The board of assessors assessed the property as vacant. The board of review assessed the improvement at $400,000, full value. It is stipulated that this is an original assessment of $400,000 on the building.

On the question of notice, it is stated by counsel for the appellee that the matter arose before the board upon complaint of the city of Chicago but the complaint had disappeared. The records of the board of review were not produced. No one testified that any notice of the proposed increase in assessment was given to anyone. The People produced a receipt to the board of review for registered mail which was dated December 17, 1927, and was signed "25 East Delaware" by M. C. Morris as the addressee's

agent. No evidence was presented to show the contents of the parcel or letter for which the receipt was given. The burden of proving that no notice was given rested upon the appellants. (*People* v. *Shortall*, 287 Ill. 150.) To sustain the burden Claude W. Morris testified that he was president and treasurer of the corporation and he, alone, opened the mail addressed to it; that he never received any mail from the board of review of Cook county addressed either to Claude W. Morris or to 25 East Delaware Building Corporation, and never received any notice in any form from the board of review of its intention to assess the improvements being erected on the premises; that no one by the name of M. C. Morris bore any connection with the building; that the return receipt card was not signed by him nor did he know in whose handwriting it was. His wife, Thelma Morris, was vice-president and secretary of the corporation and testified that she never received any mail from the board of review or any mail addressed to the corporation and she did not sign the receipt. The only other director of the corporation had nothing to do with its affairs except some legal matters. The evidence was undisputed, and it showed that no notice of the proposed action of the board of review was received by the objectors.

It is claimed by the appellee that from this evidence it appears that a registered letter was sent to the objectors, which was received and receipted for by a person by the name of M. C. or W. C. Morris and was treated by the court and counsel as containing a sufficient notice of the hearing at which the board of review made the assessment in question. It may have been so treated by the court but it certainly was not by counsel for the appellants. The lack of notice was the ground of their contest, and there is no evidence that the receipt represented a letter, or, if it did, what were its contents, and there is no evidence that it was received by anybody representing the objectors. On the contrary, it was explicitly shown that it was not so

received and that no other notice was. The assessment of the improvement on the property at $400,000 being without notice was without authority of law. The action of the county court in reducing it to $150,000 and rendering judgment for that amount was also unauthorized by law, but no cross-errors have been assigned by the appellee.

We do not consider the other objection, "on the ground of fraud, mistake, excessive and illegal valuations," or of the alleged "universal custom not to assess at any value buildings under construction which were not under roof on April 1 of the taxable year." It is not to be inferred that such alleged custom has been proved or has not been proved, or that such custom may be established by the boards of review and assessment, or the revenue laws of the State amended, in this manner.

The judgment of the county court is reversed and the cause is remanded, with directions to sustain the objections.

*Reversed and remanded, with directions.*