(No. 27841.—

THE PEOPLE *ex rel.* A. R. Manifold, County Collector, Appellant, *vs.* WABASH RAILWAY COMPANY, Appellee.

*Opinion filed March 21, 1944.*

SAMUEL JOSEPH NAYLOR, State's Attorney, of Carthage, for appellant.

JOHN W. WILLIAMS, of Carthage, and L. H. STRASSER, of St. Louis, Mo., for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This appeal involves the correctness of the judgment of the county court of Hancock county sustaining objections of the appellee, Wabash Railway Company, to the taxes levied by five school districts in the county. The objections go to the educational and building-fund taxes in school district No. 118, educational taxes in school districts No. 137, No. 216, and No. 304, and building-fund taxes in school district No. 218. The basis of the objection to the tax levied by district No. 118 is that it was unauthorized as it was for additional taxes for educational and building purposes, as authorized by statute in case of election, but that no valid election was held for that purpose.

Appellee contends the election was void and that the proof shows that both the proposal to increase the tax levy for educational purposes and that to increase the tax levy for building purposes were submitted in the form of one proposal on the ballot used at the election. This election was held April 14, 1928. There is nothing appearing of record to indicate the form of ballot. The minutes of the school board, introduced in evidence over objection, show the adoption by it of a resolution to submit the propositions of increasing educational and building-fund taxes at that election. They also show the canvass of the votes showing that it had been carried, and ."that on the proposition to authorize the Board of Education, of Carthage School District No. 118 in Hancock Co., Illinois, to levy in any one......more than 1% but not more than 1½% for Educational Purposes and more than ⅜ of 1% but not more than ½ of 1% for Building Purposes on

all taxable property of said district: 180 votes were for the proposition and 176 votes were against the proposition."

It will be observed that this certificate does not disclose the form of ballot used but indicates a canvass of the returns of the election. Appellant contends that the certificate is incompetent as evidence. Whether this be so or not, it is by no means conclusive as to the form of ballot used. Thirteen years have elapsed since this election was held. During all this period the increased levy appears to have been made without objection in reliance upon its validity.

In *People ex rel. Hempen* v. *Baltimore and Ohio Railroad Co.* 379 Ill. 543, where taxes were levied as result of an election for a period of twenty years, without objection, this court said, as to objections then filed: "Twenty years have gone by, apparently without the question being raised, until someone referred to the old file and found the certificate of election, which may have had a ballot in proper form, or may have had a ballot embodying both items contained in the certificate. This is not sufficient at this late date to show what the form of the ballot was, and by so holding we do not pass upon or intimate as to what our holding would be, should it develop the ballot submitted contained both propositions shown in the certificate. It is sufficient for the purposes of this case to hold there is nothing in the record which shows there was not a ballot in proper form submitted to the voters." Nor is there in the fact that the official canvass showed results to be 180 votes for and 176 votes against the proposition, that which tends to establish that both propositions were submitted on one ballot, and counsel's argument that it is unusual that identical results obtained on two separate propositions, is merely a conclusion. After so long a lapse of time and without definite proof of the form of the ballot itself, this court would not be warranted in assuming it

was illegal in form, and the county court erred in sustaining this objection.

Appellee also objected to the levy for educational purposes in district No. 137 and for building purposes in district No. 218, as being wholly unnecessary by reason of the balances on hand in the funds of those districts. The facts, as stipulated by the parties, are contained in the following schedule:

|  | District 137 (Educational) | District 218 (Building) |
| --- | --- | --- |
| Av. Annual cost of op. 3 preceding years | $ 571.87 | $ 49.94 |
| Appropriation . . . . . . . . . . . . . . . . . . . . . . . . . | 825.00 | 325.00 |
| Levy for 1941. . . . . . . . . . . . . . . . . . . . . . . . | 825.00 | 200.00 |
| Cash on hand, June 30, 1941. . . . . . . . . . . | 1,551.00 | 223.97 |
| Taxes in process of collection. . . . . . . . . | 429.93 | 101.75 |
| Est. receipts State Dist. Fund. . . . . . . . . | 136.62 | . . . . . . |

It is conceded in this case that the filing of the delinquent list in the collector's application for judgment, made a *prima facie* case. It is also the rule that anyone objecting to a tax assumes the burden of showing its invalidity. The presumption always is that the tax is just and that officers levying it have properly discharged their duties. (*People ex rel. Batman* v. *Illinois Central Railroad Co.* 366 Ill. 408; *People ex rel. Gill* v. *110 South Dearborn Street Corp.* 363 Ill. 286; *Gates* v. *Sweitzer,* 347 Ill. 353.) It does not appear that evidence of the school boards of these districts was taken to determine why the appropriation and levy were made in the amounts indicated. It does not appear that these levies were made for the purpose of creating a surplus or for any other purpose than that indicated. While the average expenditures for three preceding years, in the case of district No. 137, for educational purposes was $571.87, and in the case of district No. 218, for building purposes was $49.94, the record also indicates that the levies made proximated the actual amount spent by these districts, for the purposes indicated, during the fiscal year 1941-42.

Similar objections were considered in *People* v. *Illinois Central Railroad Co.* 366 Ill. 408. It is there pointed out that this court had previously approved tax levies though the district had on hand sufficient funds to carry out its purpose for almost two years, based on an average of the three preceding years, and in that case the levies complained of were held to be legal.

It is argued by appellant here that the court should take cognizance of the rising cost of operation of schools and that the total elimination of the tax levy in 1941 might result in districts being left with but a small cash balance or even a deficit before the tax levy made in 1942 could be collected in the spring of 1943. The basis upon which the appellee objects to these levies is that they were unnecessary and illegal because a larger sum was maintained on hand than was necessary to operate the school district for the 1941-42 school year. In support of this contention it cites *People ex rel. Bracher* v. *Millard,* 307 Ill. 556 and *People ex rel. Schaefer* v. *New York, Chicago and St. Louis Railroad Co.* 353 Ill. 518. These cases were considered in the *Illinois Central case* just referred to and there distinguished. In that case it was held that school directors have a right to maintain sufficient money in the treasury to pay indebtedness as it became due, and it was not necessary for them to wait until money was actually needed to defray outstanding obligations before levying a tax. It was likewise so held in *Mathews* v. *City of Chicago,* 342 Ill. 120, *People ex rel. Harding* v. *Chicago and Northwestern Railway Co.* 331 Ill. 544, and *People ex rel. Salm* v. *Crear,* 300 Ill. 611. The presumption is that school directors, in levying a tax for the year, properly discharged their duties, and the burden rests upon the objector to show that they did not. (*Gates* v. *Sweitzer,* 347 Ill. 353; *People ex rel. Smith* v. *Hassler,* 262 Ill. 133.) It is recognized that taxes are levied only for the purpose of defraying the necessary expenses of government and not to enrich the

public treasury, and that any unnecessary accumulation of such funds is unjust and unwise. This court, in *People ex rel. Clark* v. *Baltimore and Ohio Southwestern Railway Co.* 353 Ill. 492, said: "A tax levy largely in excess of the amount required for the purpose for which it is made, with the intention of creating a surplus to be used for another purpose, is not a legal tax levy even though the rate is within the limit fixed by statute. (*People* v. *Illinois Central Railroad Co.* 266 Ill. 636.) But the burden rests upon an objector to sustain his objection to a tax, and the courts will not interfere with the decision of taxing bodies on the question of the amount of taxes to be levied where it does not clearly appear that they have abused the discretion vested in them. *People* v. *Sandberg Co.* 277 Ill. 567."

We are of the opinion in this case that the record does not show that the school boards of these districts have abused the discretion vested in them and the county court erred in sustaining this objection.

It is also objected that the levies made by school district No. 304 for "fuel, water, light and power, $550.00," and by district No. 216 for "fuel, water, light and power, $325.00," were invalid in that the items were not separated, as required by law.

In *People* v. *Illinois Central Railroad Co.* 366 Ill. 408, it was held that taxpayers were sufficiently advised by the items in a levy for "fuel, water and lights for courthouse, $1,000; fuel, water and lights for jail, $300," and that, as the purpose was to supply fuel, water and lights for the courthouse and for the jail for the current year, it was not necessary to state the separate cost of each. Appellee argues, however, that the items of these taxes do not limit the fund to be raised to buildings belonging to the district. We are unable to see the force of this argument. The appropriation relates to "operating plant." This is one of the several general headings encompassing the total sum levied for school district No. 304. In the case of district

No. 216, appellee complains this appropriation is wholly general; that the school district would have no need for power and that the joinder of the four separate items in one general item of expense, leaves the taxpayer in doubt as to the purpose for which the money appropriated is to be used. The item objected to is one of twenty separate items of estimated expenditures contained in the appropriation of the said district for necessary expense for educational purposes. These appropriations were made under section 135½ of the School Law, known as the Budget Law. (Ill. Rev. Stat. 1941, chap. 122, par. 158a.) The Budget Law is principally for the purpose of requiring school taxes levied for a definite purpose to be applied to that purpose. The measure of specification and itemization is fixed by the statute in a general way, so as to set forth the objects, amounts and source of payment, and itemization of requirements can be accorded a practical and common-sense construction. (*People ex rel. Toman* v. *Estate of Otis,* 376 Ill. 112; *People ex rel. Lindheimer* v. *Hamilton,* 373 Ill. 124.) In the case last cited it is held that the Budget Law does not require a specific itemization of every expenditure to be necessary for separate schools. In the *Otis case* it was held that an appropriation for "painting and decorating" constituted a valid appropriation where it was shown it was not appropriated for elsewhere, and was shown to be payable from the building fund for the maintenance of the plant. The appropriations for fuel, water, light and power, here objected to, show the amount or purpose of the levy and the fund from which it is to be paid. It is not claimed such items were otherwise appropriated for by the district.

For the reasons indicated, the county court of Hancock county erred in sustaining appellee's objections involved in this appeal and the judgment of that court is reversed and the cause remanded with directions to overrule them.

*Reversed and remanded, with directions.*