This is an appeal by the New York Central Railroad Company, tax objector below, from an order of the county court of Montgomery county overruling certain of its objections to taxes for the year 1942. The objections involved herein relate to school district taxes in the amount of $722.75 for School District No. 147 and school district taxes in the amount of $358.55 for School District No. 103.
At the outset of this case we are confronted by a question of jurisdiction of this court to consider the appeal. Defendant in error herein in its brief contends that this case is not properly appealed and argues three main points as to why the appeal should be dismissed.
Under point one, it is contended that the notice of appeal does not comply with Rule 33 of this court. (Ill. Rev. Stat. 1943, chap. 110, par. 259.33.) We have examined the notice of appeal, which was abstracted vebatim, and agree that as to form and construction it leaves something to be desired. The appellant has filed with this court motion for leave to amend the notice of appeal. To this motion was filed an objection on the part of the People. The motion and objections thereto were taken with the case. The motion seeks leave to insert at the top of the notice the following:
 "Appeal to the Supreme Court of the State of Illinois From the County Court of Montgomery County, Illinois."
The motion also seeks leave to insert the designations "Plaintiff-Appellee" and "Defendant-Appellant" after the names of the respective parties and to change the words "will take an appeal" as appearing in the original notice to "hereby appeals."
Inasmuch as the filing of a sufficient notice of appeal in apt time is jurisdictional, (People ex rel. Bender v. *Page 380 Davis, 365 Ill. 389; People ex rel. Sandberg v. Grabs, 373 Ill. 423, ) the notice of appeal filed herein must meet the test of compliance with the Supreme Court Rule 33, or this appeal must be dismissed.
We have carefully examined the notice of appeal involved herein in the light of Rule 33, as well as the cases cited by both parties dealing with the requirements of a notice of appeal and their susceptibility to amendment after the statutory ninety-day period has expired. We are of the opinion that while the notice herein is not in the form prescribed by the rule, it does give, though somewhat informally, the necessary notice and information and that the question here involved comes under the rule enunciated by this court in National Bank of the Republic v.Kaspar American State Bank, 369 Ill. 34. In that case we stated that even though the appellant failed to include a prayer for relief, as required by rule, the error was only one of form rather than substance. In that case we stated, page 40, "Where, as here, an appellee is not prejudiced, the Appellate Court is not deprived of jurisdiction by technical errors of this sort."
The purpose of a notice of appeal under our practice is to inform the party in whose favor a judgment or decree has been rendered that the unsuccessful party desires a review of the case by a higher tribunal. If, when considered as a whole, the notice fairly and adequately sets out the judgment or decree complained of, or the part thereof objected to, the court to which the appeal is to go, and the relief sought from the reviewing court, in such a way that the successful litigant may be advised of the nature of the proceedings, the absence of strict technical compliance in connection with the form of the notice should not be fatal. In this instance the notice of appeal carried the caption of the case in the county court, was addressed to the State's Attorney of Montgomery county and to the *Page 381 
Attorney General of Illinois, referred to the judgment of the county court of Montgomery county by date, identified the particular objections by reference to the school districts involved and stated by clear inference that the appeal was to the Supreme Court of the State of Illinois and further stated what was desired by way of relief. We are aware that the right of appeal being statutory it is necessary to strictly follow the statute as to the remedy pursued. We have examined the cases cited by the appellee on the point of strict compliance with the statute, such as Sholty v. McIntyre, 136 Ill. 33; Freeport MotorCasualty Co. v. Madden, 354 Ill. 486; Gyure v. Sloan Valve Co.367 Ill. 489. These cases are not, however, controlling on this question. We are not concerned here with the complete failure of the party appealing to take some step or do some act made necessary by statute or rule to perfect his appeal. Rather we must decide whether the notice here, admittedly deficient in form, was a sufficiently substantial compliance with the requirements of Rule 33. We hold as to this point that there was sufficient substantial compliance; that the plaintiff-appellee was not prejudiced by the omission contained in the original notice and that the motion of defendant-appellant to amend its notice of appeal should be granted.
The next contention by plaintiff-appellee is that since the judgment in this case was rendered on July 17, 1944, and because the notice of appeal was not filed until October 14, 1944, there was no compliance with section 237 of the Revenue Act, (Ill. Rev. Stat. 1943, chap. 120, par. 718,) which act governs the appeal procedure in tax-objection cases. The above provision of the Revenue Act requires that notice of appeal be given within thirty days of the time of the rendition of the judgment. It appears from the record that on July 17, 1944, the trial judge made the following docket entry: "Case heard on evidence and *Page 382 
argument. Objections overruled. Order to be prepared. Motion by Objector for leave to amend objections No. 31 and No. 34. Hearing on motion set July 24, 1944. Objection to Motion filed." Subsequent to July 17, 1944, other proceedings were had and on September 25, 1944, the judgment order was prepared and presented to the court for its signature.
We find no merit in this contention of appellee. It is well settled in this State that a docket entry by a trial court does not constitute a final appealable judgment. (Hayes v. IndustrialCom. 383 Ill. 272; Metzger v. Wooldridge, 183 Ill. 174.) This would seem particularly so here where there were subsequent proceedings had and participated in by both parties, and where the very docket entry itself contemplates a subsequent formal draft order. Cases cited by appellee, such as People ex rel. Carr
v. Mitchell, 328 Ill. 206, to the effect that the county court loses jurisdiction of a case after the expiration of thirty days from the entry of judgment, state correct principles of law, but have no bearing on this matter. The question here is when was the judgment entered? We hold that a docket entry does not constitute a final judgment and that the judgment in this case was entered on September 25, 1944, when the trial judge signed the prepared order and judgment.
Finally, appellee says that we should not consider this appeal because there are two separate judgments here, one for School District No. 147 and one for School District No. 103, but only one notice of appeal. There is no question but what under section 235 of the Revenue Act (Ill. Rev. Stat. 1943, chap. 120, par. 716,) the judgments here are several and distinct. The precise question of whether a tax objector who has land in more than one taxing district must, in order to secure a full review, file a separate notice of appeal as to each tax objected to and overruled *Page 383 
by the court has not been heretofore passed on by this court.
We have held that the provisions of the Revenue Act rather than those of the Civil Practice Act govern the procedure in connection with appeals from judgments for taxes. (People ex rel.Harding v. Morris, 338 Ill. 335; People ex rel. Hudson v.Cleveland, Cincinnati, Chicago and St. Louis Railway Co. 360 Ill. 180. ) The point, therefore, is controlled by section 237 of the Revenue Act. (Ill. Rev. Stat. 1943, chap. 120, par. 718.) The pertinent part of this section is as follows: "Appeals from the judgment of the court may be taken to the Supreme Court as in other civil cases by the party appealing filing a notice of appeal within thirty days from the rendition of such judgment."
There is no positive provision of law which requires that separate appeals must be taken where more than one tax item is involved in the county court judgment unless we construe the singular word "judgment" appearing in the first line of section 237 of the Revenue Act as making mandatory such procedure. We are of the opinion that where, as here, several tax items were objected to, a hearing was had involving these several items, and the final judgment of the trial court incorporated two of the items in a single order, it is not necessary in order to review the correctness of the trial court's ruling that separate notices of appeal be filed where one notice of appeal fairly, adequately and correctly sets out the fact that appeal is to be taken on the two items. Rules of procedure are not ends in themselves; they are designed to secure orderly and fair methods of disposing of litigated matters.
Appellee has cited several cases, including People ex rel.Harding v. Morris, 338 Ill. 335, People ex rel. Hudson v.Cleveland, Cincinnati, Chicago and St. Louis Railway Co. 360 Ill. 180, and People ex rel. Stuckart v. Chicago *Page 384 and Alton Railway Co. 289 Ill. 282, for the proposition that separate notices of appeal should have been filed in this case. We have examined the cases cited on this point and conclude that the holdings in them are concerned with the question of what can be considered by an appellate court on an assignment of cross errors and the necessity for a cross appeal where the appellee desires to bring before the reviewing court matters not involved in the main appeal. As a matter of fact, the Hudson and Stuckartcases inferentially sanction the practice of a single appellant, or cross appellant, incorporating more than one item in one appeal in tax matters. In the Hudson case we said: "The items of the county tax and the county highway tax are distinct and separate items of tax from the additional county tax. The appeal brought here by the objector involves only the issue as to the correctness of the judgment entered by the trial court against the objector for the additional county tax. The ruling of the trial court as to the items of the county tax and the county highway tax cannot be presented for review here by the purported cross-appeal taken by the collector." It was further stated, "In order to review the judgment on those items a separate appeal should have been prosecuted by the collector." Similarly, in theStuckart case, on page 288, "If appellee desired to raise the question as to the correctness of the trial court rulings on these items, he should have appealed from that decision." Admittedly, the exact point of the necessity for separate notices of appeal was not raised nor passed upon by the court in the above two cases; nevertheless, the language used indicates a sanction of the procedure here employed.
We are of the opinion that to construe section 237 of the Revenue Act as requiring separate notices of appeal for each and every tax item would be an unnecessary and unwarranted holding. So long as the one notice of appeal, *Page 385 
as it did in this case, clearly and adequately indicates to opposing counsel that judicial review is desired on the separate tax judgments entered, and where the tax judgments are all a part of a single proceeding, failure to file separate notices of appeal is not a fatal error.
We come now to consider the substantive matters involved in this appeal. There are two objections involved here, original and amended objection No. 31 which relates to the tax in School District No. 147, and original and amended objection No. 34 which relates to the taxes levied for School District No. 103. Both objections are predicated upon the theory that the rates extended were in excess of the rates authorized by law, in that in both cases there was no valid election authorizing an increase in the tax rates.
Considering first School District No. 147, we find that the county clerk extended a rate of $1.50 for educational purposes and a rate of 50 cents for building purposes. It is contended that the educational rate is excessive as to the amount over $1 per $100 assessed valuation, and that the building rate is excessive as to the excess over 37 1/2 cents per $100 valuation.
There is no doubt, as pointed out by appellee, that the burden is upon the objector to establish the invalidity of a tax levy.(People ex rel. Landis v. Wabash Railroad Co. 256 Ill. 626;People ex rel. Manifold v. Chicago, Burlington and QuincyRailroad Co. 386 Ill. 56.) To maintain this burden, appellant produced Edward Butler, who had been county clerk of Montgomery county since 1940, who testified that there was in his possession, in the files of his office, an instrument purporting to be a ballot, or copy thereof, submitted to the voters of School District No. 147 on February 24, 1923. This instrument, designated objector's exhibit E, together with a certificate attached thereto on the part of the school treasurer certifying the *Page 386 
results of the election of February 24, 1923, was introduced in evidence over the objection of the appellee. Butler further testified that there was nothing else in his office in any way pertaining to any election in School District No. 147. Previous to the hearing, the appellant had served Butler, the county clerk, with a subpoena duces tecum relating to all instruments and documents in his possession as county clerk dealing with School District No. 147, and had demanded of the State's Attorney of Montgomery county, counsel for appellee, that he produce any and all documents and instruments concerning the said school district.
Exhibit E is as follows:
[EDITORS' NOTE: EXHIBIT E IS ELECTRONICALLY NON-TRANSFERRABLE.] *Page 387 
Attached thereto was exhibit F, as follows:
 "Coffeen, Illinois March 3rd, 1923.
"Mr. Godfrey, County Clerk, Hillsboro, Illinois.
 Dear Sir:
 At a special election held on Saturday, February 24th, 1923, in District No. 147, Montgomery County, Ill., for the purpose of increasing the tax rate to 3% for Educational and 1% for building purposes, and the purchase of School gounds. Said election resulted in favor of increasing the tax rate as stated above.
 Yours Respt.
 LOUIS SPINNER,
 School Treas. Twp. 8 NR 3 W.
 Filed Mar. 7, 1923. MIKE GODFREY, Clerk."
The county clerk further testified that he regularly consulted exhibit F in arriving at the rate to be extended.
This court has pointed out that the presumption in tax objection cases is that tax officials have performed their duties and that the proceedings of assessing, levying and extending of taxes are regular, but it is also true that the liability for taxes is purely statutory and that they can be levied and assessed and collected only in the mode expressly pointed out by statute. People v. Sears, 344 Ill. 189; People ex rel. Schuler v.Chapman, 370 Ill. 430, 437.
We have held in People ex rel. Toman v. Chicago Great WesternRailroad Co. 379 Ill. 594, and in O'Connor v. High School Boardof Education, 288 Ill. 240, that a ballot wherein the voter has no choice but to vote in favor of increasing the rates both for educational and building purposes or to vote against both such propositions, is invalid and no increase in rate is authorized as a result of an election at which such a ballot is used. This principle of law, in our opinion, controls the decision in this case as *Page 388 
to the objection for taxes in School District No. 147. But it is strenuously contended by appellee that the objector herein has failed to show by adequate proof that the election of February 24, 1923, was invalid and has failed to prove that the ballot used therein was one which contained the objectionable feature of combining the two propositions in one, and cites us to the cases of People ex rel. Manifold v. Chicago, Burlington and QuincyRailroad Co. 386 Ill. 56; People ex rel. Hempen v. Baltimore andOhio Railroad Co. 379 Ill. 543, and People ex rel. Manifold v.Wabash Railway Co. 386 Ill. 149.
In People ex rel. Manifold v. Chicago, Burlington and QuincyRailroad Co. 386 Ill. 56, the evidence produced as to what took place at the election was the certificate of the secretary of the board of education, filed with the county clerk. This certificate did not purport to set forth the form of the ballot nor to do any more than to advise the county clerk of the rate to which the tax was raised and that a specified increase in rates had been carried. In the case here under consideration, the certificate of the secretary of the board of education was attached to a "Specimen Ballot" which he certifies is a true copy of the ballot "to be used" in the special election, as shown by exhibit E. The certificate of the school treasurer (exhibit F) did not purport to set forth the form of the ballot, nor to do any more than to advise the county clerk that the election resulted in favor of increasing the tax rate. The county clerk testified that he would not be positive that the ballot shown on exhibit E was the ballot used at the election and there is no further testimony that exhibit E was the ballot used at the election. More than twenty years have passed by apparently without the question being raised. There is no positive verification of the form of ballot used at the election. It may have been a ballot in proper form, or may have been a ballot embodying *Page 389 
both items contained in the ballot shown on exhibit E. As was said in People ex rel. Hempen v. Baltimore and Ohio Railroad Co.379 Ill. 543, the evidence is not sufficient at this late date to show what the form of the ballot actually was nor is there anything in the record which shows there was not a ballot in proper form used at the election.
We are of the opinion from an examination of the record here that the objector as to objection No. 31, dealing with School District No. 147, has not sustained the burden of proof imposed upon it and that the county court properly overruled the objection to this item.
The situation presented by objection No. 34, relating to the validity of the taxes levied for School District No. 103, raises a different problem. The objection to the taxes levied for School District No. 103 is, as was the case in School District No. 147, that there was no valid election upon which to predicate a tax levy in excess of that provided by statute. There appears to have been two elections in School District No. 103, one conducted on May 8, 1920, and a second one on May 16, 1931. The objector maintains that the election of May 16, 1931, was invalid because, among other reasons, the form of the ballot used did not conform to section 16 of the Ballot Law in that it provided for a "For" and "Against" vote rather than a "Yes" or "No" vote. It is to be noted here that the only indication as to the form of the ballot used May 16, 1931, is the report of the election by the school treasurer, which said form uses the words "For" and "Against." In this state of the record we hold that the cases of People ex rel.Manifold v. Chicago, Burlington and Quincy Railroad Co. 386 Ill. 149, and People ex rel. Hempen v. Baltimore and Ohio Railroad Co.379 Ill. 543, control. Other objections are raised as to the validity of the May 16, 1931, election. In the view which we take of this matter, it is immaterial *Page 390 
whether the election held May 16, 1931, in School District No. 103, was a valid election. If we assume that the election was invalid, nevertheless we hold that there was sufficient authority under and by virtue of a certificate filed with the county clerk of Montgomery county, as the result of an election of May 8, 1920. This certificate, introduced by objector as exhibit H, is as follows:
 "Motion by Dancisak, seconded by Hubler that on Saturday the Eighth day of May, A.D. 1920, an election was held at the School House in School District No. 103, Montgomery Co. Illinois, for voting for or against the proposition to authorize the Board of Education to levy up to Two per cent for Educational Purposes, and Two thirds of one per cent for Building Purposes. There were twelve votes cast at the election, all voting for the proposition. Roll called — Hubler, yes; Dancisak, yes; Mehosiko, yes; Marburger, yes; four yes. Motion carried.
 J.C. BARKLEY S 9-8-4 LOUIS MARBERGER, Clerk."
There is no evidence in the record to show the form of the ballot used in the election of May 8, 1920. We have held in theManifold and Hempen cases, on a similar set of facts, that the certificate of the clerk is not in and of itself any evidence as to the ballot used, where all that the certificate purports to do is to announce the results of an election. The legislature has provided that where an election is once held for the purpose of increasing a tax rate, it shall continue to be authority for extending the additional levy until such time as that authority shall be withdrawn at a subsequent election. Ill. Rev. Stat. 1943, chap. 122, par. 212.
Appellant raises the point that the county court erred in not permitting it to introduce additional testimony after the original hearing had closed. We do not think this objection well taken. The offer of proof made by appellant simply involved the testimony of the school treasurer of School District No. 103 to the effect that after diligent search of the records in his office he was unable to find a ballot of any election held any time prior to the year 1943. *Page 391 
We hold, therefore, that the county court correctly overruled objection No. 34 involving School District No. 103.
The judgment of the county court of Montgomery county overruling objection No. 34, involving School District No. 103, and objection No. 31, involving School District No. 147, is affirmed.
Judgment affirmed.