(No. 46629.—
(No. 46632.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ALVIN M. BALLARD, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS *et al.,* Appellees, v. GABRIEL NIETO, Appellant.

*Opinion filed January 21, 1975.*

No. 46629.—Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County; the Hon. Irwin S. Cohen, Judge, presiding.

Paul Bradley, First Deputy Defender, Office of State Appellate Defender, of Chicago (Brenda E. Richey, Assistant Appellate Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chiago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, and

Patrick T. Driscoll, Jr., and John F. Brennan, Assistant State's Attorneys, of counsel), for the People.

No. 46632.—Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County; the Hon. Paul F. Gerrity, Judge, presiding.

Paul Bradley, First Deputy Defender, Office of State Appellate Defender, of Chicago (Allen L. Wiederer, Assistant Appellate Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, and Patrick T. Driscoll, Jr., and John F. Brennan, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE DAVIS delivered the opinion of the court:

These cases were consolidated in this court after we granted petitions for leave to appeal in each respective case. The initial and common question to be decided in these cases is whether the appellate court was correct, *sua sponte*, in dismissing the appeals from the ordinance violations in question for failure of defendant-appellant in each case to serve the City of Chicago with either notice of appeal or a copy of defendant's brief.

In No. 46629, People of the State of Illinois v. Alvin M. Ballard, the City was represented in the circuit court of Cook County by the State's Attorney through an assistant State's Attorney who filed an appearance for the State. The public defender filed an appearance for the defendant, Ballard, and an assistant public defender appeared for the defendant. Neither a withdrawal nor a substitution of attorneys was filed in the proceedings. The corporation

counsel's office took no part therein. We can only conclude that the State's Attorney served as attorney for the City in prosecuting the violation of the municipal ordinance in question. The 1970 Illinois Constitution, article VII, section 10(a) and (c), specifically provides for the sharing of services, powers and functions among various local governmental entities, and encourages intergovernmental cooperation. These constitutional provisions postdate the effective date of section 1—2—1.1 of the Municipal Code (Ill. Rev. Stat. 1969, ch. 24, par. 1—2—1.1), and to the extent that said section is not contrary to or inconsistent with the constitutional provisions, said section remains in full force and effect. (Ill. Const. (1970), transition schedule, sec. 9.) Said section of the statute provides in pertinent part:

> "The corporate authorities of each municipality may pass ordinances, not inconsistent with the criminal laws of this State, to regulate any matter expressly within the authorized powers of the municipality, or incidental thereto, making violation thereof a misdemeanor punishable by incarceration in a penal institution other than the penitentiary not to exceed 6 months. The municipality is authorized to prosecute violations of penal ordinances enacted under this Section as criminal offenses by its corporate attorney in the circuit court by an information, or complaint sworn to, charging such offense. *The prosecution shall be under and conform to the rules of criminal procedure. Conviction shall require the municipality to establish the guilt of the defendant beyond reasonable doubt.*" (Emphasis ours.)

One of the issues here presented is whether the civil or criminal appellate rules apply.

The defendant's main contention is that section 1—2—1.1 of the Municipal Code, above quoted, requires that the criminal appellate rule (Rule 606(a)) for perfecting an appeal apply. The statement of Rule 606(a), in its application to this case, is that appeals shall be perfected by filing notice of appeal with the clerk of the court. The defendant further argues that Supreme Court Rule 303(d)

was not one of the civil procedure rules incorporated into the rules of criminal procedure by Supreme Court Rule 612. Rule 303(d) requires that, within 7 days after a notice of appeal is filed, service of a copy thereof shall be made, pursuant to Rule 11, upon every other party entitled by law to notice of appeal. However, a copy of the notice of appeal was sent by the clerk of the court to the office of the State's Attorney. The notice recited that the appeal was from the judgment of conviction under both the State statute and the municipal ordinance.

In *People ex rel. Pickerill v. New York Central R.R. Co.* (1945), 391 Ill. 377, at page 383, the court stated: "Rules of procedure are not ends in themselves; they are designed to secure orderly and fair methods of disposing of litigated matters." We conclude that the fair method of disposing of the present litigation is to recognize that the notice to the State's Attorney was sufficient to comply with Supreme Court Rule 303(d); and we hold that the appellate court erred in dismissing the appeal from the ordinance violation. The trial court convicted the defendant for failure to possess a State firearm owner's identification card, for which he was sentenced to 1 year of probation, and convicted him of failure to register a firearm with the city collector of the City of Chicago, for which a fine of $25 was imposed.

The Municipal Code of the City of Chicago, chapter 11.1, section 11.1—17 provides:

> "11.1—17. Any person who violates any of the sections of this Chapter shall upon conviction thereof be punished by a fine of not less than $100.00 nor more than $500.00 for the first offense and not less than $300.00 nor more than $500.00 for the second offense and shall be punished as a misdemeanor for each subsequent offense by incarceration in the county jail for a term not to exceed six months under procedures set forth in Section 1—2—1.1 of the Illinois Municipal Code (Ill. Rev. Stat. 1969, ch. 24, par. 1—2—1.1) as amended, or by both fine and imprisonment."

Under the provisions of section 11.1—17 of the Municipal Code of the City of Chicago, the fine imposed in number 46629 was below the allowable minimum, and the court erred in this respect, but this is only a peripheral issue in the case.

In this case (number 46629) the defendant claimed that he had established a "necessity" defense under section 7—13 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 7—13), with reference to both the charge of failure to possess a State firearm owner's identification card and failure to register a firearm with the city collector of the City of Chicago. The People reply to this contention by stating that the defendant offered no evidence on the element of any threat of shooting or other facts to justify the defense of "necessity." The defendant offered no proof that he took the gun, as he alleged, to prevent an imminent injury to anyone. His own testimony indicated that he may have had a vague impression that someone might get hurt. This alone, under the facts of this case, does not support a "necessity" defense. (*City of Chicago v. Mayer* (1974), 56 Ill.2d 366, 371.) The defendant did not establish a "necessity" defense under either the statute or ordinance-violation charge, and the appellate court properly affirmed his conviction for the violation of the State statute requiring the possessor of a firearm to have a State firearm owner's identification card.

We hold here that the trial court properly convicted him for violating the city registration ordinance, but erred in assessing the fine on this charge. This case is therefore affirmed in part, and reversed and remanded for the assessment of a fine pursuant to the provisions of section 11.1—17 of the Municipal Code of the City of Chicago.

In number 46632, People of the State of Illinois and City of Chicago v. Gabriel Nieto, the defendant was charged by complaint in the circuit court of Cook County with failure to register a firearm with the city collector of the City of Chicago, as required by the Municipal Code of

the City of Chicago, chapter 11.1, section 11.1—17. He was also charged with aggravated assault and with failure to register as a firearms owner. He was found guilty of all charges in the circuit court.

The appellate court affirmed the aggravated-assault conviction and modified the sentence to 364 days, and reversed the conviction for failure to have a firearm identification card for lack of proof. Here the defendant no longer contests the aggravated-assault conviction or sentence.

In number 46632, the State in both this court and the appellate court has confessed error in that it admits that there was no evidence presented to establish the ordinance violation. In its brief in the appellate court the City said:

"The People of the State of Illinois are constrained to confess that error occured in the trial below relative to the charges of failure to register a firearm. The State did not introduce evidence to support these charges, and therefore requests that defendant's convictions under 72 MC1 J923562 and 72 MC1 J923563 be reversed."

In its confession in this court, the State asserts:

"5. Therefore, the State is again constrained to confess that error is manifest in the decision and order of the Appellate Court because fundamental fairness and due process far override strict compliance with the rule of this court as applied to this case."

The entire appellate court discussion of this matter is as follows:

"As to the violation of the Municipal Code of the City of Chicago, this charge was listed in the notice of appeal, but the record does not show that a copy of the notice of appeal was served on the City of Chicago. Neither were copies of the briefs filed in this court served upon the City of Chicago. Defendant has, therefore, not properly

perfected an appeal from the City charge as required by Supreme Court Rule 303(d). Accordingly, the defendant's appeal from his conviction on the City charge must be dismissed. [Citation.] " 18 Ill. App. 3d 294, 296.

A single trial was conducted on all three of the charges against the defendant, and an assistant State's Attorney prosecuted the charges. The public defender of Cook County, the attorney of record on behalf of the defendant, filed a notice of appeal, and the clerk of the circuit court of Cook County served a copy of the notice of appeal on the State's Attorney of Cook County, the attorney of record on behalf of the People, and the Attorney General, by mail. What was said in our discussion of number 46629 applies with even greater force here, and we therefore find that the appellate court erred in dismissing the defendant's appeal from the ordinance conviction. Inasmuch as a remandment to the appellate court would unnecessarily delay the entry of a proper judgment in this defendant's case, the conviction of ordinance violation is reversed. The aggravated-assault conviction is affirmed.

*46629 — Affirmed in part and reversed in part and remanded.*

*46632 — Affirmed in part and reversed in part.*